Eastern District of Kentucky
FILED

JUL 27 2026

AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

COMMONWEALTH OF KENTUCKY, EX REL. ATTORNEY GENERAL, RUSSELL COLEMAN,

*Plaintiff,*

v.

REALPAGE, INC., et al.,

*Defendants.*

Case No. 2:25-cv-00093-DLB-CJS

**CONSENT JUDGMENT AND DISMISSAL WITH PREJUDICE RE DEFENDANT FIRST COMMUNITIES MANAGEMENT, INC.**

## FINAL CONSENT JUDGMENT AND DISMISSAL WITH PREJUDICE

WHEREAS, the Commonwealth of Kentucky ("Kentucky"), acting by and through its Attorney General, Russell Coleman, filed a Complaint on July 2, 2025 against Defendant First Communities Management, Inc. ("Defendant") (each, a "Party") in this matter (the "Action");

AND WHEREAS, each Party warrants and represents that it engaged in arm's-length negotiations in good faith and that, by entering into this Consent Judgment, the Parties intend to effect a good-faith resolution of the Action as to the Parties;

AND WHEREAS, the Parties have agreed to resolution of the Action and the entry of this Consent Judgment without the taking of testimony, without trial, or any finding or admission of wrongdoing or liability of any kind against or by Defendant;

AND WHEREAS, the Parties recognize that the outcome of the Action is uncertain and a final resolution through the adversarial process likely will require protracted litigation;

AND WHEREAS, Defendant is entering into this Consent Judgment solely for the purpose of settlement, and nothing contained herein may be taken as or construed to be an admission or concession of any violation of law, rule, regulation, or ordinance of Kentucky, or of any fault, liability, or wrongdoing on the part of Defendant, all of which Defendant specifically denies;

AND WHEREAS, Kentucky has determined that this Consent Judgment is in the public interest;

AND WHEREAS, the Parties are entering into this Consent Judgment solely for the purpose of compromising and resolving disputed claims and to avoid the expense of further litigation;

AND WHEREAS, the Parties agree that this Consent Judgment may not be used or be admissible in any other administrative, civil, or criminal proceeding for any purpose except for the enforcement of this Consent Judgment;

AND WHEREAS, Defendant agrees to undertake certain actions and refrain from certain conduct to remedy the alleged loss of competition alleged in the Complaint;

AND WHEREAS, without any admission of liability or wrongdoing by Defendant, the Parties now mutually consent to the entry of this Consent Judgment and agree to dismissal of the claims against Defendant with prejudice pursuant to the terms of this Consent Judgment to avoid the delay, expense, inconvenience, and uncertainty of protracted litigation.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

In consideration of the mutual promises, terms, and conditions set forth in this Consent Judgment, the adequacy of which is hereby acknowledged by all Parties, it is agreed by and between the Defendant and Kentucky, and ordered by the Court, as follows:

The foregoing Recitals are incorporated herein and constitute express terms of this Consent Judgment.

## I. JURISDICTION

A. The Parties agree that the Court has jurisdiction over the subject matter of this Action and personal jurisdiction over Defendant. Among other forms of relief, the Complaint asserts claims for injunctive relief and damages (as *parens patriae*) against Defendant under Section 1 of the Sherman Act, 15 U.S.C. § 1, and claims for injunctive relief, damages, disgorgement, restitution, civil penalties, and attorneys' fees and costs against Defendant under the Kentucky Consumer Protection Act, KRS §§ 367.170, 367.190, 367.175. Defendant denies these claims. This Consent Judgment shall not be construed or used as a waiver of any jurisdictional defense Defendant may raise in any other proceeding.

## II. DEFINITIONS

As used in this Consent Judgment:

A. "First Communities Management," "FCM" or "Defendant" means First Communities Management, Inc., a corporation headquartered in Atlanta, Georgia, organized and existing under the laws of the State of Georgia, and all of its direct and indirect subsidiaries, divisions, groups, affiliates, parents, owners, partnerships, and joint ventures engaged in the management or ownership of multifamily rental properties in the United States and its territories, their successors and assigns, and their directors, officers, owners, managers, agents, and employees.

B. "Competitively Sensitive Information" means property-specific data or information (whether past, present, or prospective) which, individually or when aggregated with such data or information from other properties, (1) could be reasonably used to determine current or future rental supply, demand, or pricing at a property or of any property's units, including but not limited to executed rents, rental price concessions or discounts, guest traffic, guest applications, occupancy or vacancy, lease terms or lease expirations; (2) relates to the Property Owner's or Property Manager's use of settings or user-specific parameters within Revenue Management Products with respect to such property or properties; or (3) relates to the Property Owner's or Property Manager's rental pricing amount, formula, or strategy, including rental price concessions or discounts, in each case, with respect to such property or properties.

C. "Complaint" means the Complaint filed in this Action on July 2, 2025.

D. "Effective Date" means the day that this Consent Judgment is entered by the Court.

E. "FCM Property" means a multifamily rental property, located within the United States and its territories, including the Commonwealth of Kentucky, owned or managed by FCM or its agents (collectively referred to as "FCM Properties").

F. "Including" means including, but not limited to.

G. "Non-Public Data" means any Competitively Sensitive Information that is not Public Data.

H. "Person" means any natural person, corporate entity, partnership, association, joint venture, or trust.

I. "Property Owner(s)" means any Person who (directly or indirectly) owns or controls a multifamily rental property or that Person's agent; multifamily rental properties have

the same Property Owner if they are (directly or indirectly) owned or controlled by the same Person.

J. "Property Manager(s)" means any Person who manages a multifamily rental property or that Person's agent.

K. "Public Data" means information on a rental unit's asking price (including publicly offered concessions), amenities, and availability that is readily accessible to the general public, such as on the property's website, at a physical building, in brochures, or on an internet listing service. Public Data includes information on a rental unit's asking price, concessions, amenities, and availability provided by a Property Manager or a Property Owner to any natural person who reasonably presents himself as a prospective renter. Public Data does not include any Competitively Sensitive Information obtained through communications between competitors.

L. "RealPage" means RealPage, Inc., a Delaware corporation with its headquarters in Richardson, Texas.

M. "Revenue Management Product(s)" means any software or third-party service, including software as a service, that generates rental prices or rental pricing recommendations for multifamily rental properties. For avoidance of doubt, a Revenue Management Product does not include general purpose spreadsheet software like Microsoft Excel.

N. "Settled Civil Claims" means any federal or state civil antitrust enforcement claims for injunctive relief, civil penalties, or any other relief permitted by law, including damages, disgorgement, and/or restitution, as alleged by the Commonwealth of Kentucky in this Action or arising from Defendant's conduct accruing before the Effective Date (including any associated attorney's fees and costs) relating to Revenue Management Products, including RealPage Revenue Management Products that use(d) competitors' Competitively Sensitive

Information. For the avoidance of doubt, "Settled Civil Claims" does not include (1) private rights of action, including for restitution, brought by citizens of Kentucky or (2) damages claims brought by Kentucky as *parens patriae*, nor does it include any other claim brought by Kentucky against Third-Parties other than FCM for similar conduct.

## III. APPLICABILITY

A. This Consent Judgment applies to Defendant, as defined above.

## IV. MONETARY CONSIDERATION

A. FCM shall pay a total of fifty thousand dollars ($50,000.00) to Kentucky on or before the later of (i) thirty (30) days after the Effective Date or (ii) ten (10) days after receiving complete wire instructions and any related verifications from Kentucky. Said payment shall be used by the Attorneys General for such purposes that may include, but are not limited to, attorneys' fees and other costs of investigation and litigation, and for other uses permitted by state law.

## V. USE OF REVENUE MANAGEMENT PRODUCTS

For a period of five (5) years after the Court enters Final Judgment in this Action, in the Commonwealth of Kentucky, FCM shall not:

A. Provide to RealPage any Non-Public Data concerning multifamily residential leases; or

B. Permit RealPage or any other company providing revenue management services, which FCM knows or should have known uses as an input Non-Public Data provided to it by FCM's competitors, to share FCM's Non-Public Data concerning multifamily residential leases for use in revenue management services; or

C. Contract with RealPage, or any other company providing revenue management

services, to use a revenue management service or program that FCM knows or should have known uses as an input Non-Public Data provided to RealPage by FCM's competitors; provided that Kentucky may consent, or FCM may petition the Court, to delete or modify this provision based upon changed circumstances.

## VI. DISCOVERY OBLIGATIONS AND NON-MONETARY CONSIDERATION

A. FCM has made a structured data production relevant to the FCM Properties to Plaintiffs in *In re RealPage Antitrust Litigation*, MDL No. 3071 (M.D. Tenn.) ("MDL Action") and will produce those same documents—as they relate to any FCM Property located in Kentucky only—to Kentucky. Kentucky shall have the opportunity to review such production to assess whether it is sufficient. Within 60 days of production, FCM shall respond to reasonable questions about its data production, provided that such assistance shall be provided to the extent it can be done without imposing undue burden or expense on FCM, which shall not be required to conduct additional analysis or interpretation.

B. FCM shall produce custodial documents that it produced to any Plaintiffs in the MDL Action, or any federal, state, or other domestic regulator, concerning the subject matter of the Action or any allegations within the same factual predicate of the Action within 14 days of the execution of this Agreement. This includes:

a. custodial documents that hit on search terms agreed upon by the parties in the MDL Action during their discovery negotiations from the following agreed-upon custodians: Kevin Carr, Nicole Griffith, Zhen Ou, Stacy Baptiste, and Samantha Hoard;

b. written discovery responses and any deposition transcripts; and

c. prior-produced "go-get productions," as relevant to any FCM Property

located in Kentucky.

C. If FCM makes an additional production to any Plaintiff in the MDL Action, or any federal, state, or other domestic regulator, concerning the subject matter of the Action or any allegations within the same factual predicate of the Action during the pendency of the Action, FCM will provide that production to Kentucky within ten business days.

D. FCM has authenticated certain documents in the MDL Action and will share that authentication with Kentucky. In the event the Court deems the authentications insufficient, then FCM agrees to provide the least onerous sufficient form of testimony to authenticate the documents (e.g., trial deposition), to the extent necessary in the ongoing litigation. Otherwise, no depositions or trial depositions by FCM will be required.

E. Except as expressly set forth in this Section VI, FCM shall have no further obligation to provide additional discovery, production, supplementation, or written responses.

## VII. PUBLIC DISCLOSURE

A. In the event of a request by a third party, pursuant to applicable public records laws for the Commonwealth of Kentucky, for disclosure of information obtained pursuant to any provision of this Consent Judgment, Kentucky will act in accordance with its applicable public record statutes as interpreted by its state courts.

## VIII. RETENTION OF JURISDICTION

A. The Court retains jurisdiction to enable any party to the Consent Judgment to apply to the Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Consent Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## IX. ENFORCEMENT OF CONSENT JUDGMENT

A. Kentucky retains and reserves all rights to enforce the provisions of this Consent Judgment, including the right to seek an order of contempt from the Court.

B. In an enforcement proceeding in which the Court finds that Defendant has violated this Consent Judgment, Kentucky may apply to the Court for an extension of this Consent Judgment, together with other relief that may be appropriate.

## X. EXPIRATION OF CONSENT JUDGMENT

A. Unless the Court grants an extension, this Consent Judgment will expire 5 years from the date of its entry. This Consent Judgment may be terminated or amended, as enforceable by Kentucky, upon notice by Kentucky to the Court and Defendant that the continuation of this Consent Judgment is no longer necessary or in the public interest.

## XI. RESERVATION OF RIGHTS

A. The Consent Judgment relates only to the resolution of the Settled Civil Claims. Kentucky reserves all rights for any other claims against Defendant that may be presently pending or may be brought in the future.

## XII. DISMISSAL WITH PREJUDICE AND RELEASES

A. In consideration for the promises, assurances, and payment described herein, and without limitation and to the extent specified herein, as of the date of entry of this Consent Judgment, Defendant is hereby released from any and all Settled Civil Claims, and the Settled Civil Claims are hereby dismissed with prejudice against Defendant.

B. The Parties acknowledge, and the Court finds, that this section is an integral part of the Consent Judgment and shall govern the rights and obligations of all participants in the settlement. Any modification of those rights and obligations may be made based only on a writing signed by all affected Parties and approved by the Court.

## XIII. COSTS AND FEES

A. The Parties will bear their own costs and attorneys' fees, except as otherwise provided in this Consent Judgment.

## XIV. NO ADMISSION OF LIABILITY

A. Defendant is consenting to this Consent Judgment solely for the purpose of settlement, and nothing contained herein may be taken as or construed to be an admission or concession of any violation of law, rule, or regulation, or of any other matter of fact or law, or of any liability or wrongdoing in Kentucky, all of which Defendant expressly denies. Defendant does not admit that it engaged in any antitrust violation and Defendant does not admit that it engaged in any wrongdoing that was or could have been alleged in the Complaint. No part of this Consent Judgment shall constitute evidence of any liability, fault, or wrongdoing by Defendant.

## XV. MISCELLANEOUS

A. The provisions of this Consent Judgment shall be construed in accordance with the laws of Kentucky.

B. Nothing in this Consent Judgment shall be construed to waive any claims of sovereign immunity any party may have in any action or proceeding.

C. Any failure by any party of this Consent Judgment to insist upon the strict performance by any party of any provisions of this Consent Judgment shall not be deemed a waiver of any provisions of this Consent Judgment.

D. This Consent Judgment, which constitutes a continuing obligation, is binding upon Plaintiffs and Defendant. This Consent Judgment, shall operate as an injunction issued under KRS 367.190, provided, however, that nothing in this Consent Judgment shall constitute

an admission or finding that Defendant has been engaged or is engaged in any violation of applicate Consumer Protection or Antitrust Law or has otherwise acted unlawfully.

E. Nothing in this Consent Judgment shall relieve the Defendant of its obligation to comply with all federal, state or local law and regulations.

F. If any portion of this Consent Judgment is held by a court of competent jurisdiction to be invalid by operation of law, the remaining terms of this Consent Judgment shall not be affected and shall remain in full force and effect.

G. This Consent Judgment supersedes all prior communications, discussions, or understandings, if any, of the parties, whether oral or in writing.

H. Each person who signs his/her name below affirms that he/she has the authority to execute this Consent Judgment on behalf of the Party whose name appears next to his/her signature and that this Consent Judgment is a binding obligation enforceable against said Party under Kentucky law.

DATE: 27 JULY 26

**Signed By:**
***David L. Bunning***
**Chief Judge**
**United States District Court**

Chief District Judge David L. Bunning

**APPROVED, AGREED TO AND PRESENTED BY:**

For Kentucky:

Date: ____________________

____________________

J. Christian Lewis
John Mohammad Ghaelian
Jonathan E. Farmer
Philip R. Heleringer
ATTORNEY GENERAL'S OFFICE - KENTUCKY
1024 Capitol Center Drive, Suite 200
Frankfort, KY 40601
502-696-5300
502-696-5314
502-696-5647
christian.lewis@ky.gov
john.ghaelian@ky.gov
Jonathan.farmer@ky.gov
philip.heleringer@ky.gov

Gregory S. Asciolla (*pro hac vice*)
Jonathan S. Crevier (*pro hac vice*)
Theodore J. Salem-Mackall (*pro hac vice*)
DICELLO LEVITT LLP
485 Lexington Avenue, Suite 1001
New York, NY 10017
646-933-1000
gasciolla@dicellolevitt.com
jcrevier@dicellolevitt.com
tsalemmackall@dicellolevitt.com

Adam J. Levitt (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
DICELLO LEVITT LLP
10 N. Dearborn Street, Sixth Floor
Chicago, IL 60602
312-214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com

*Counsel for Plaintiff Commonwealth of Kentucky, ex rel. Attorney General Russell Coleman*

For FCM:

Date: 07/14/2026

Kevin L. Carr

Name: Kevin L. Carr
Title: CFO

*Approved as to form:*

____________________

Richard P. Sybert (*pro hac vice*)
rsybert@grsm.com
Gordon Rees Scully Mansukhani
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

Hannah Brown Goehring (*pro hac vice*)
hbrown@grsm.com
Gordon Rees Scully Mansukhani
555 17th St, Suite 3400
Denver, CO 80202
Telephone: (303) 200-6874

W. Austin Smith (SBN: 100737)
wasmith@grsm.com
Gordon Rees Scully Mansukhani
325 W. Main Street
Waterfront Plaza Suite 2300
Louisville, KY 40202
Telephone: (502) 371-1258

*Counsel for Defendant First Communities Management, Inc.*

**APPROVED, AGREED TO AND PRESENTED BY:**

For Kentucky:

Date: 7/15/26

Jonathan E. Farmer

/ Christian Lewis
John Mohammad Ghaelian
Jonathan E. Farmer
Philip R. Heleringer
ATTORNEY GENERAL'S OFFICE - KENTUCKY
1024 Capitol Center Drive, Suite 200
Frankfort, KY 40601
502-696-5300
502-696-5314
502-696-5647
christian.lewis@ky.gov
john.ghaelian@ky.gov
Jonathan.farmer@ky.gov
philip.heleringer@ky.gov

Gregory S. Asciolla (*pro hac vice*)
Jonathan S. Crevier (*pro hac vice*)
Theodore J. Salem-Mackall (*pro hac vice*)
DICELLO LEVITT LLP
485 Lexington Avenue, Suite 1001
New York, NY 10017
646-933-1000
gasciolla@dicellolevitt.com
jcrevier@dicellolevitt.com
tsalemmackall@dicellolevitt.com

Adam J. Levitt (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
DICELLO LEVITT LLP
10 N. Dearborn Street, Sixth Floor
Chicago, IL 60602
312-214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com

*Counsel for Plaintiff Commonwealth of Kentucky, ex rel. Attorney General Russell Coleman*

For FCM:

Date: ____________________

______________________________

Name: ____________________
Title: ____________________

*Approved as to form:*

______________________

Richard P. Sybert (*pro hac vice*)
rsybert@grsm.com
Gordon Rees Scully Mansukhani
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

Hannah Brown Goehring (*pro hac vice*)
hbrown@grsm.com
Gordon Rees Scully Mansukhani
555 17th St, Suite 3400
Denver, CO 80202
Telephone: (303) 200-6874

W. Austin Smith (SBN: 100737)
wasmith@grsm.com
Gordon Rees Scully Mansukhani
325 W. Main Street
Waterfront Plaza Suite 2300
Louisville, KY 40202
Telephone: (502) 371-1258

*Counsel for Defendant First Communities Management, Inc.*